United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Denise Murray  
    Debtor

Case No. 19-12532-jkf  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: DonnaR    Page 1 of 1    Date Rcvd: Feb 05, 2020  
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 07, 2020.  
db          +Denise Murray,    7335 Rockwell Ave,    Philadelphia, PA 19111-3005

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                     TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2020                                       Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2020 at the address(es) listed below:  
         JOHN L. MCCLAIN    on behalf of Debtor Denise  Murray aaamcclain@aol.com, edpabankcourt@aol.com  
         KEVIN G. MCDONALD    on behalf of Creditor    The Bank of New York Mellon F/K/A et al...  
          bkgroup@kmllawgroup.com  
         POLLY A. LANGDON    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    The Bank of New York Mellon F/K/A et al...  
          bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    The Bank of New York Mellon F/K/A The Bank of New  
          York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset  
          Backed Securities Trust 2004-SD1, Asset-Backed Certificat bkgroup@kmllawgroup.com  
         SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
         SCOTT F. WATERMAN (Chapter 13)    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)  
          ECFMail@ReadingCh13.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                         TOTAL: 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Denise Murray fka Denise Allen<br>　　　　　　Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon F/K/A The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for Bear Stearns Asset Backed Securities Trust 2004-SD1, Asset-Backed Certificates, 2004-SD1<br>　　　　　　Movant<br>　　vs. | NO. 19-12532 JKF<br><br>11 U.S.C. Section 362 |
| Denise Murray fka Denise Allen<br>　　　　　　Debtor | |
| Scott F. Waterman, Esquire<br>　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,475.17,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2019 to January 2020 at $1,034.70/month |
| Suspense Balance: | $663.63 |
| **Total Post-Petition Arrears** | **$3,475.17** |

2.　　The Debtor(s) shall cure said arrearages in the following manner;

　　a). Beginning on February 1, 2020 and continuing through July 1, 2020 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,034.70** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$579.20 from February 2020 to June 2020 and $579.17 for July 2020** towards the arrearages on or before the last day of each month at the address below;

　　　　　　Specialized Loan Servicing, LLC
　　　　　　P.O. Box 636007
　　　　　　Littleton, Colorado 80163

　　b).　　Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 23, 2020     By: /s/ Rebecca A. Solarz, Esquire
                           Attorney for Movant

Date: 1/31/20              [signature] Mitchell J. Prince, ESQ.
                           John L. McClain, Esquire
                           Attorney for Debtor

Date: January 31, 2020     /s/ Polly A. Langdon, Esquire, for
                           Scott F. Waterman, Esquire
                           Chapter 13 Trustee

Approved by the Court this __4th__ day of _____February_____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. FitzSimon

NBS Specialized Loan Servicing, LLC